*In re* FRENCAVAGE.

PARDONS—HABEAS CORPUS—PAROLE REVOKED BY EXECUTIVE DE-
PARTMENT.

> Where a prisoner violated his parole and it was revoked
> by the executive department under Act No. 403, Pub. Acts
> 1921, and he was returned to prison, he is not entitled
> to his discharge on *habeas corpus* because his parole was
> not revoked by the warden as provided by 3 Comp. Laws
> 1915, § 15866.[1]

*Habeas corpus* proceedings and certiorari by Adam
Frencavage to secure his release from the State prison
at Marquette.   Submitted February 23, 1926.   (Cal-
endar No. 32,400.)    Writs dismissed April 14, 1926.

*Michael Garvey,* for plaintiff.

CLARK, J.    Plaintiff seeks discharge on *habeas
corpus* to the warden of the State prison at Marquette,
and accompanying certiorari to the commissioner of
pardons and paroles and to the superior court at Grand
Rapids.    Indeterminate sentence, one to fifteen years,
was pronounced against him on February 19, 1921.
He was paroled on January 9, 1922, for two years.
He violated parole and was returned to prison.    On
December 28, 1923, he was paroled again.    For an-
other violation he was again returned to prison.
Cause urged for discharge is that the paroles were not
revoked by the warden as provided by section 15866,
3 Comp. Laws 1915.

Plaintiff has overlooked Act No. 403, Pub. Acts
1921 (Comp. Laws Supp. 1922, § 182 [1-8]), giving,
also, to the executive department power to terminate
paroles.    The record does not show whether in grant-
ing paroles the governor excluded the warden from

[1]Pardons, 29 Cyc. p. 1569 (Anno).
Release on parole as affecting right to *habeas corpus,* see note
in 35 L. R. A. (N. S.) 882.

the right to return the plaintiff to prison, unless the governor so directed, as provided by section 4 of the act.    The record does show that the paroles were revoked by the executive department pursuant to the provisions of the act.

Another question is attempted but, as presented, does not require discussion.

The writs are dismissed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.